**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN PIPKIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:22-cv-03082** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WAL-MART STORES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, JOHN PIPKIN ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against WAL-MART STORES, INC. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and Illinois Human Rights Act (775 ILCS5/) ("IHRA") seeking redress for Defendant's hostile work environment under the ADA, and also terminating Plaintiff's employment on the basis of his disability and in retaliation for him attempting to assert his rights under the ADA and IHRA when Plaintiff reported harassment and discrimination on the basis of his disability.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3.     Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.     This Court has pendent jurisdiction and supplementary jurisdiction of Count IV through 28 U.S.C. Sec. 1367.

## ADMINISTRATIVE PREREQUISITES

5.     All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*., and Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*., have occurred or been complied with.

6.     A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8.     At all times material to the allegations of this Complaint, Plaintiff, JOHN PIPKIN, resides in Cook County in the State of Illinois.

9.     At all times material to the allegations in this Complaint, Defendant, WAL-MART STORES, INC., is a corporation doing business in and for Cook County whose address is 8331 West Stewart, Chicago, IL 60651.

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

11.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry

affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## **BACKGROUND FACTS**

12.     Plaintiff was hired by Defendant on or around September 18, 2021.

13.     Plaintiff is "qualified individual" as defined under the ADA.

14.     From the beginning to the end of Plaintiff's employment, Plaintiff was subjected to disparate treatment, discriminatory conduct, and retaliatory conduct based upon his disabilities.

15.     Ultimately, Plaintiff was unlawfully terminated effective December 15, 2021.

16.     Since Plaintiff's first day of work on September 18, 2021 through December 15, 2021 Defendant was subjected to different terms and conditions of employment that others not within Plaintiff's protective class.

17.     On or about October 1, 2021, Plaintiff was clocking in on his first day of work when associate Monique (last name unknown) said to Plaintiff, "I have no idea why Wal-Mart hired your crippled ass to work here".

18.     On or about November 21, 2021, Plaintiff entered the store to clock in for his shift, and it was very cold outside so Plaintiff was wearing a hat. Plaintiff had not clocked in yet and his team leader Mya Davies stopped him and told him to take his hat, and that he could not wear it to work. Plaintiff knew this and tried to explain to Mya that he had just arrived and had not even clocked in yet. She refused to listen and called him a "crippled ass".

19.     On or about December 13, 2021, Plaintiff became ill at work and had to leave to go to the emergency room where he tested positive for the flu. Plaintiff got a doctor's note to return to work on December 15, 2021. Plaintiff called Wal-Mart to inform them he had a doctor's note and check his schedule. Plaintiff was told he was removed from the schedule.

20.     On or around December 15, 2021, Plaintiff went in to work to talk to Patrice, (last name unknown) a Supervisor, to find out why he was taken off the schedule because his doctor's note stated that he was eligible to come back to work on December 15, 2021. Plaintiff pleaded with Patrice to put him back on the schedule because he really needed this job. Patrice said, "Now your crippled ass is going to see how it feels to be fired." As the Plaintiff was leaving, associate Erica (last name unknown) called the Plaintiff a "disabled crippled bitch".

21.     The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

<u>COUNT I</u>
**Disability-Based Harassment**
**in Violation of Americans with Disabilities Act of 1990,**
**as amended, 42 U.S.C. § 12101 et seq.**

22.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

23.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

24.     Defendant knew or should have known of the harassment.

25.     The sexual harassment was severe or pervasive.

26.     The disability harassment was offensive subjectively and objectively.

27.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to his disability.

28.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has

4

suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Disability-Based Harassment in Violation
### of the Illinois Human Rights Act, 775 ILCS5/

29.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

30.     Plaintiff is a member of a protected class under 775 ILCS5/, Illinois Human Rights Act, due to his disability.

31.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his disability, in violation of the Illinois Human Rights Act, 775 ILCS5/.

32.     Defendant knew or should have known of the harassment.

33.     The disability harassment was sever or pervasive.

34.     The disability harassment was offensive subjectively and objectively.

35.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Disability Discrimination -Violations of the Americans with Disabilities Act ("ADA")

36.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

37.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

5

38.     Defendant terminated Plaintiff's employment on the basis of his disability.

39.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

40.     Plaintiff is a member of a protected class under the ADA, due to his disability.

41.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

42.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Disability Discrimination - Violations of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")

43.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

44.     Plaintiff was and is an individual with a disability within the meaning of the IHRA at all times relevant to this lawsuit.

45.     Defendant terminated Plaintiff's employment on the basis of his disability.

46.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff of the basis of him disability in violation of the IHRA.

47.     Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected rights.

48.     Defendant's acts were willful and in reckless disregard of Plaintiff's protected rights.

49.     Defendant knew, or should have known of the unlawful discrimination and retaliation.

50.     Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination and retaliation.

51.     Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

52.     Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct, discriminatory actions and retaliation.

53.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under the IHRA.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

  a.     Back pay with interest;

  b.     Payment of interest on all back pay recoverable;

  c.     Front pay;

  d.     Loss of benefits;

  e.     Compensatory and punitive damages;

  f.     Reasonable attorneys' fees and costs;

7

g.     Award pre-judgment interest if applicable; and

h.     Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 13th day of June, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*